UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
Oct 31 11 03 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | | |
|---|---|---|
| SETH CO., INC., | ) | CIVIL ACTION NO. |
| | ) | 3:01CV01584 (PCD) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | OCTOBER 30, 2003 |
| (COMMISSIONER OF THE INTERNAL | ) | |
| REVENUE SERVICE), | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSES TO
SUPPLEMENT TO UNITED STATES' TRIAL MEMORANDUM SECTIONS B AND C**

The United States' Trial Memorandum Section B was served on counsel for the plaintiff on September 18, 2002, and its Trial Memorandum Section C was filed on September 25, 2002. During the past year, theories regarding the action have evolved and new facts and documents relevant to the action have emerged, necessitating the following brief supplement to the United States' Trial Memorandum Sections B and C.

**Supplement to Trial Memorandum Section B**

**B1.   Additional/Withdrawal claims of fact proposed for stipulation as undisputed.**

1.   The United States' Trial Memorandum Section B1 in <u>DDC Limited Partnership v. United States</u> includes claims of fact proposed for stipulation as undisputed which are relevant to the issue of whether Seth Co., Inc. is a nominee, alter ego or transferee of Gary Pierce. Those claims of fact proposed for stipulation as undisputed are incorporated herein by reference.

2.   The United States withdraws paragraph 89 from its Trial Memorandum Section B1

**B2.** **Additional proposed findings of fact, with a specification of each witness, document, pleading, and/or tangible physical evidence on which such finding could be premised. Such proposed findings, with the claims of fact (1 above), shall constitute the proof on which the claims of relief are premised.**

1.  The United States' Trial Memorandum Section B2 in <u>DDC Limited Partnership v. United States</u> includes proposed findings of fact which are relevant to the issue of whether Seth Co., Inc. is a nominee, alter ego or transferee of Gary Pierce. Those proposed findings of fact are incorporated herein by reference.

2.  Between 1992 through 2000, the sum of Gary Pierce's debts was greater than the sum of his assets. [The United States will rely upon the evidence listed in Paragraph B2-17 of the United States' Trial Memorandum Section B in <u>DDC Limited Partnership</u>, which states, "From 1992 through 1999, the sum of Gary Pierce's debts was greater than the sum of his assets."]

**RESPONSE:**   Denied in that short of speculating, the plaintiff cannot ascertain the document or documents upon which the defendant relies for the statement of facts and leaves the defendant to its proof.


**B3. Additional claims of law, with the authority on which each claim is premised and organized as they relate to each theory on which relief is sought.**

1.  Gary Pierce's transfers of assets to Seth Co., Inc., via MCU Financial Corporation, DDC Limited Partnership, and CDW, Inc., were fraudulent as to the United States because the United States' claim against Gary Pierce for income tax liabilities arose before the transfers, Gary Pierce did not receive a reasonably equivalent value in exchange for the transfers and Gary Pierce was insolvent at the time of the transfers. <u>See</u> CONN. GEN. STAT. ANN. §§ 52-552f(a).

**RESPONSE:**   The facts upon which the claim of law is made are not supported by the evidence. Further, any such claim is time barred based upon Conn. Gen. Stat. § 52-552j as made and provided.

2.     Gary Pierce's transfers of assets to Seth Co., Inc., via MCU Financial Corporation, DDC Limited Partnership, and CDW, Inc., were fraudulent as to the United States because the United States' claim arose before the transfers and the transfers were made with the actual intent to hinder, delay or defraud a creditor of Gary Pierce. See CONN. GEN. STAT. ANN. §§ 52-552e(a).

**RESPONSE:**   The facts upon which the claim of law is made are not supported by the evidence. Further, any such claim is time barred based upon Conn. Gen. Stat. § 52-552j as made and provided.

3.     Gary Pierce's transfers of assets to Seth Co., Inc., via MCU Financial Corporation, DDC Limited Partnership, and CDW, Inc., were fraudulent as to his debt to the United States. See Federal Debt Collection Act, Fraudulent Transfers Involving Debts, 28 U.S.C. § 3301, *et seq.*

**RESPONSE:**   The facts upon which the claim of law is made are not supported by the evidence. Further, any such claim is time barred based upon 28 U.S.C. 3306.

4.     Gary Pierce's purported assignment to Seth Co., Inc. of his right to a portion of the proceeds of the litigation against the Bobrow accountants was fraudulent as to his debt to the United States. See Federal Debt Collection Act, Fraudulent Transfers Involving Debts, 28 U.S.C. § 3301, *et seq.*

**RESPONSE:**   The factual predicate is denied, but the legal proposition is correct.

**B4. Additional proposed exhibits, including deposition transcripts, with a listing of those pages of each transcript to be offered and on which the proposed findings of fact, if any, are premised.**

1.     The United States' Trial Memorandum Section B in <u>DDC Limited Partnership v. United States</u> includes proposed exhibits which are relevant to the issue of whether Seth Co., Inc. is a nominee, alter ego or transferee of Gary Pierce. Those proposed exhibits are incorporated herein by reference.

2.  Peter Wells was listed as a witness in Trial Memorandum Section B5 in Seth Co., Inc. v. United States. Counsel for the United States recently learned that he is working in Florida from October through May. The United States will, therefore, offer excerpts from his deposition testimony in Seth Co., Inc. v. United States. The following pages from the Deposition of Peter Wells, July 1, 2002, will be offered into evidence: 1-17; 25-28; 34-38.

**RESPONSE:** The plaintiff objects to Page 8, Lines 1 through 9, of the Deposition Transcript of Peter Wells, July 1, 2002. The question was inappropriately worded. The answer should therefore be stricken and, hence, should not be admissible.

The plaintiff objects to Page 10, Line 24, through Page 11, Line 4, of the Deposition Transcript of Peter Wells, July 1, 2002. The question was inappropriately worded. The answer should therefore be stricken and, hence, should not be admissible.

The plaintiff objects to Page 11, Lines 20 through 25, of the Deposition Transcript of Peter Wells, July 1, 2002. There is no indication that it is based on personal knowledge and it is obviously speculation on the part of the witness.

The plaintiff objects to Page 26, Line 5, through Page 27, Line 2, of the Deposition Transcript of Peter Wells, July 1, 2002. The question was leading. Further, there was a lack of foundation and it presupposed that such transfers occurred and, hence, should not be admissible.

The plaintiff objects to Page 34, Lines 5 through 16, of the Deposition Transcript of Peter Wells, July 1, 2002. The predicate was not included in the offer by the defendant. Further, no foundation was established.

The plaintiff objects to Page 38, Line 23 through the end of the page, of the Deposition Transcript of Peter Wells, July 1, 2002. The answer on Page 39 of that deposition transcript does not appear to be included in the offer and, hence, that question and objection should be deleted.

In addition to the pages offered by the defendant, the plaintiff seeks to offer Pages 18, 19, 20, 40 and 41 to complete the record in regard to Mr. Wells' testimony.

3.  Notices of Liens and Levies naming Seth Co., Inc. as nominee/alter-ego/transferee of Gary Pierce.

## Supplement to Trial Memorandum Section C

### Face Sheet

3.  Attorneys for the United States: Bonni Perlin should be substituted for Glenn Melcher:

>   Bonni Perlin
>   U.S. Department of Justice
>   Tax Division
>   P.O. Box 55
>   Washington, D.C. 20044-0055
>   Telephone: (202) 307-0834

Respectfully Submitted,

PLAINTIFF,
DDC LIMITED PARTNERSHIP

By _____
Kerry M. Wisser, Esquire of
WEINSTEIN & WISSER, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
Telephone No. (860) 561-2628
Facsimile No. (860) 521-6150
Federal Bar No. ct01205

## CERTIFICATION

This is to certify that on the 30th day of October, 2003, a copy of the foregoing Responses to Supplement to United States' Trial Memorandum Sections B and C was served upon:

Karen Wozniak, Esquire
Trial Attorney, Tax Division
U.S. Department of Justice
Civil Trial Section, Northern Region
P.O. Box 55, Ben Franklin Station
Washington, DC  20044-0055

_____
Kerry M. Wisser

WCLIENTS\DDC LP\SUPPLEMENT 2 TRIAL MEMO – SECTIONS B AND C\PAB